IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL JAMES MORA,

      Plaintiff,

v.                                                                                    Case No. 1:25-cv-00326-KG-LF

LEGENDS HOSPITALITY LLC,
MARCOS VELASQUEZ, and
BARBARA GARCIA,

      Defendants.

### ORDER VACATING SETTLEMENT CONFERENCE AND TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*.  On April 17, 2026, this Court set a settlement conference for Thursday, May 14, 2026, at 9:00 a.m.  Doc. 47.  In the order setting the settlement conference, the Court ordered Plaintiff to serve defense counsel a demand letter that includes certain information.  *Id*. at 2.  The Court further ordered Plaintiff to provide the Court with copies of letters exchanged between the parties and a confidential settlement statement.  *Id*. at 3–4.  All materials from the parties were to be submitted to chambers no later than May 7, 2026.  *Id*. at 5.  Plaintiff did not comply with any of these requirements, and the Court ordered him to rectify this failure no later than 5:00 p.m. yesterday.  *See* Doc. 51.  Plaintiff did not respond to the Court's order.  The Court is unable to conduct the settlement conference without materials from Plaintiff, or without even knowing whether Plaintiff will attend the settlement conference.  The Court therefore will VACATE the settlement conference scheduled for this Thursday, May 14, 2026, at 9:00 a.m.  Counsel and all parties are excused from attending.

Plaintiff's failure to comply with the Court's May 8, 2026, Order to Show Cause is part of a larger pattern of Plaintiff failing to participate in this litigation as required.  On February 23, 2026, Plaintiff failed to attend the Rule 16 Initial Scheduling Conference.  *See* Doc. 37.  The

same day, the Court ordered Plaintiff to show cause why he should not be sanctioned for failing to attend the scheduling conference. Doc. 39. On March 2, 2026, Plaintiff responded to the Court's Order to Show Cause, explaining that he was in an emergency room for treatment at the time of the scheduling conference. Doc. 41. Based on this explanation, the Court quashed its Order to Show Cause and did not impose any sanctions. Doc. 42.

On March 9, 2026, the Court ordered Plaintiff to file a notice of availability for a settlement conference, tentatively scheduled for May 14, 2026. Doc. 44. Plaintiff failed to comply with that order, and the Court issued another order requiring Plaintiff to show cause why he should not be sanctioned for failing to comply with the Court's order. Doc. 45. Plaintiff was reminded that all pro se litigants are required to follow Court rules, and the Court warned him that failure to comply with the Court's orders could result in sanctions, "up to and including a recommendation that the presiding judge dismiss Mr. Mora's complaint without further warning." *Id.* at 2. Plaintiff responded to that order on April 17, 2025, explaining that he "ha[d] been in almost hostage like situations by being scammed into a marriage only to be forcefully removed from [his] home of 5 years . . . ." Doc. 49. He nonetheless stated that he was available for the May 14, 2026, settlement conference. *Id.* The Court again quashed its Order to Show Cause and did not impose sanctions, but it warned that "[f]uture failures to comply with court orders and deadlines may result in sanctions, up to and including a recommendation that Plaintiff's case be dismissed." Doc. 50.

As the Court made clear in mid-April, Plaintiff's continued noncompliance with Court orders is unacceptable. His failure to comply with Court orders wastes the Court's time and opposing counsel's time. Defendants' counsel has complied with the order setting the settlement conference, but Defendants cannot negotiate without receiving a demand from Plaintiff. The

Court will not require Defendants and their counsel to attend a settlement conference where Plaintiff has failed to make a demand on them and failed to provide the Court with a confidential statement outlining his position as required in the order setting the settlement conference. *See* Doc. 47. Indeed, the Court has no confidence that Plaintiff will attend the settlement conference based on his past record and his failure to provide the materials required by the order setting the settlement conference.

IT IS THEREFORE ORDERED that no later than **Tuesday, May 19, 2026**, at **5:00 p.m. MST**, Plaintiff Paul James Mora must explain to the Court why his case should not be dismissed for continued noncompliance with Court orders. **Failure to respond to this order by the deadline will result in a recommendation to the presiding judge that Plaintiff's case should be dismissed without further warning.**

_____
Laura Fashing
United States Magistrate Judge

3