IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL JAMES MORA,

Plaintiff,

v. Case No. 1:25-cv-326-KG-LF

LEGENDS HOSPITALITY LLC, et al.,

Defendants.

**ORDER**

This matter is before the Court on Defendants Legends Hospitality, Marcos Velasquez, and Barbara Garcia's Partial Motion to Dismiss. Doc. 29. Plaintiff Paul Mora proceeds pro se and did not respond. The motion is granted in part and denied in part. For the reasons below, Plaintiff's claim under the Americans with Disabilities Act ("ADA") against the individual Defendants, Garcia and Velasquez is dismissed with prejudice, but Plaintiff's breach-of-contract claim survives against all Defendants.

## *I. Background*

The Court recounts this case's background using the pleadings, drawing all reasonable inferences in the nonmoving party's favor and describing only those facts relevant to Defendants' motion to dismiss. *E.g.*, *WildEarth Guardians v. U.S. Forest Serv.*, 2025 WL 2430383, at *1 (D.N.M.).

Plaintiff suffers from "a medical condition constituting a disability under the ADA," including "brain injury and spinal damage." Doc. 25 at 2.

On May 14, 2023, Defendant Legends Hospitality hired Plaintiff as a "VIP Cook" through a Social Security "ticket-to-work" voucher, which included requirements to accommodate disabilities. *Id.* at 2, 4. Plaintiff's employment contract required Defendant Legends Hospitality to provide

"reasonable accommodations" and permitted termination only for good cause. *Id.* at 4. Plaintiff "notified management," including Defendant Marcos Velasquez, of his disability and requested specific accommodations, including the use of prescribed medication, rest in a secluded area, and time to recover. *Id.*

Plaintiff alleges that Defendants accommodated him at first. *Id.* at 3. However, "after an altercation with Corporate," Plaintiff "was told to alter the [accommodation] request 3 separate times before...the third request was denied." *Id.*

Defendants Legends Hospitality and Velasquez then terminated him, claiming that he had used alcohol and drugs on work premises. *Id.* at 3. Plaintiff alleges that he had "maintained...satisfactory work performance" and that Defendants' stated reason for terminating him was "pretext." *Id.* at 2–3. Because of his termination, Plaintiff suffered "the loss of wages, benefits, and the ability to provide for...their family." *Id.* at 3.

Plaintiff brings two claims against Defendants. First, he argues that Defendants violated the ADA by terminating him because of his disability and need for accommodation. *Id.* Second, he brings a breach-of-contract claim, alleging that Defendants violated his employment agreement by terminating him without cause. *Id.* at 4.

Defendants now move to dismiss part of Plaintiff's Amended Complaint. Doc. 29. They argue that Plaintiff's ADA claim against Defendants Velasquez and Garcia fails as a matter of law because, under the statute, individual employees cannot be held liable in their personal capacities. *Id.* at 4 (citing 42 U.S.C. §§ 12111, 12117). They also argue that Plaintiff fails to state a breach-of-contract claim because he does not allege sufficient facts establishing a valid contract, a breach, and damages. *Id.* at 5. Plaintiff did not respond to the motion.

## *II. Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if it creates a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court treats the allegations as true, but "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are not credited. *Twombly*, 550 U.S. at 555. The Court construes a pro se litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, pro se parties must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## *III. Analysis*

For the reasons below, the Court concludes that (A) Plaintiff's ADA claim against Garcia and Velasquez is dismissed with prejudice, and (B) breach-of-contract claim survives.

### *A. Plaintiff's ADA claim against the individual Defendants is dismissed.*

To start, the Court dismisses the ADA claim against Defendants Garcia and Velasquez. Under the ADA, it is unlawful for an employer to discriminate against an employee on the basis of disability. 42 U.S.C. § 12112(a). A plaintiff may only recover for ADA discrimination and retaliation claims against an employer. *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999). The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees..." § 12111(5)(A). It is well-established that "supervisors and other individual employees are not personally liable under...the ADA." *Timmons v. United Parcel Serv.*, 2022 WL 2191794, at *2 (D. Kan.) (citing *Butler*, 172 F.3d at 744); *see also Trujillo v. Bd. of Comm'rs of Taos Cnty.*, 2010 WL 11618821, at *2 (D.N.M.) ("[P]ersonal capacity suits

against supervisors are not cognizable under the ADA."). Here, Plaintiff alleges that Defendants Garcia and Velasquez are individual management employees of Legends Hospitality. *See* Doc. 25 at 3–4. Plaintiff's ADA claim against them therefore fails as a matter of law because they are not employers under the statutory definition. Because this defect cannot be cured by amendment, the Court dismisses Plaintiff's ADA claim against Garcia and Velasquez with prejudice. This conclusion does not affect Plaintiff's ADA claim against Defendant Legends Hospitality, which proceeds separately.

***B. Plaintiff's breach-of-contract claim survives.***

Next, Plaintiff pleads a plausible breach-of-contract claim. As a threshold matter, New Mexico law governs. A federal court exercising supplemental jurisdiction over state-law claims "applies the substantive law, including choice of law rules, of the forum state." *BancOklahoma Mortg. Corp. v. Cap. Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) (internal quotation mark and citation omitted). The parties formed and performed the employment contract in New Mexico, and nothing in the record suggests a contrary choice-of-law provision.

Under New Mexico law, "[t]he elements of a breach-of-contract action are the existence of the contract, breach of the contract, causation, and damages." *Anderson Living Tr. v. ConocoPhillips Co., LLC*, 952 F. Supp. 2d 979, 1030 (D.N.M. 2013) (citing *McCasland v. Prather*,1978-NMCA-098, ¶ 7)). "It is enough to plead that the parties had an agreement with specific terms, that one party performed under the agreement, and that the other party did not." *Fiore Indus., Inc. v. Ericsson, Inc.*, 2019 WL 5595190, at *8 (D.N.M.).

Under these principles, Plaintiff has sufficiently pled each element. First, he alleges the existence of a valid contract, describing a term requiring Legends Hospitality "to provide 'reasonable accommodations'" and permitting termination "only for good cause." Doc. 25 at 4. Second, Plaintiff sufficiently alleges a breach: that he "maintained satisfactory work performance"

throughout his employment yet was terminated for allegedly using alcohol and drugs on the premises—a reason he characterizes as "pretext." *Id.* at 2–3. These allegations plausibly suggest a termination without good cause. Third, Plaintiff plausibly alleges causation, tying his termination directly to the harm he describes. And fourth, Plaintiff adequately alleges damages, stating that his termination caused "the loss of wages, benefits, and the ability to provide for his family." *Id.* at 3. Because Plaintiff has pled facts supporting each element, his breach-of-contract claim survives.

Defendants' arguments to the contrary fail. First, they argue that Plaintiff failed to allege sufficient facts about the contract's "parties...subject matter, and...essential terms and conditions," including "consideration and the provisions allegedly breached." Doc. 29 at 5. They cite *Fiore Indus.*, 2019 WL 5595190, at *8, for the proposition that such details are necessary to allege a breach-of-contract claim. *Id*. But Defendants mischaracterize *Fiore Indus.*, 2019 WL 5595190. The court in that case concluded that a complaint survived a motion to dismiss, stating:

> Plaintiff's Complaint is, indeed, short on detail. It does not specify which party made an offer and which party accepted the offer. But Defendants do not cite, and the Court has not found, any authority in New Mexico requiring a complaint to allege these elements. It appears that it is enough to plead that the parties had an agreement with specific terms, that one party performed under the agreement, and that the other party did not.

*Fiore Indus.*, 2019 WL 5595190, at *8. Here, too, Plaintiff's complaint is short on detail. Nonetheless, for the reasons above, it suffices at this stage.

Nor does *Raja v. Ohio Sec. Ins. Co.*, 305 F. Supp. 3d 1206, 1250 (D.N.M. 2018), support Defendants' position. There, the district court found that allegations "lifted verbatim from" the New Mexico Unfair Insurance Practices Act's "list of unfair insurance practices" were insufficient standing alone. *Id.* at 1249. Yet the court ultimately held that the complaint stated a claim, because the plaintiff identified a specific contractual provision and alleged concrete facts showing the defendant's failure to comply with it. *Id.* at 1249–50. The court concluded that, "[a]ssuming these facts as true, [plaintiff] states a claim to relief that is plausible on its face." *Id.* at 1250. Similarly,

here, Plaintiff does not recite statutory or contractual boilerplate; he identifies a specific term of his employment contract—the good-cause and accommodation requirements—and alleges concrete facts showing how Defendants breached it. That is enough to survive dismissal.

Finally, the Utah cases that Defendants cite are irrelevant because they apply Utah law. *See* Doc. 29 at 5–6 (citing *Storey v. Seipel*, 2024 WL 4436609, at *3 (D. Utah), and *Milestone Elec., Inc. v. Nice inContact, Inc.*, 2021 WL 2474095, at *3 (D. Utah)). Any heightened pleading standard under Utah state law is immaterial because New Mexico law governs. Plaintiff has pled sufficient facts under the relevant standard.

## *IV. Conclusion*

For the reasons above, the Court grants in part and denies in part Defendants' motion to dismiss, Doc. 29. The Court dismisses Plaintiff's claim against the individual Defendants, Garcia and Velasquez, with prejudice. The Court declines to dismiss Plaintiff's breach-of-contract claim.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.